

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 5, 1962

Chairman of the Special House
    Committee to Investigate En-
    forcement of Texas Escheat
    Laws Applicable to Banking
    Institutions
House of Representatives
Austin, Texas

Opinion No. WW-1235

Re: Whether the Special House
Committee to Investigate
Enforcement of Texas Es-
cheat Laws Applicable to
Banking Institutions have
the authority to obtain
information from banks by
requested questionnaires
and related questions.

Dear Sir:

We quote as follows from your recent letter enclosing a
form questionnaire and subpoena issued by your Committee to
various presidents of banks in the State of Texas:

"(1) Does this Committee have the right to obtain
the information requested in the questionnaire?

(2) Does this Committee have the right to obtain
the information requested in the subpoena?

(3) Does this Committee have the right to subpoena
witnesses to appear before it and to bring the
information requested in the subpoena that was
issued by this Committee?

(4) What use, if any, can be made by the Committee
of the information now in the hands of the
chief counsel?

(5) What disposition must the Committee make with
the information now in the hands of the Com-
mittee counsel by him?"

Both the questionnaire and the subpoenas reflect that the subject committee was seeking information from banks relative to property being held by banking institutions under a depositor-creditor relationship and which may be subject to escheat. Patently, the Committee was endeavoring to obtain information which is within the scope of the study which the Committee was expressly authorized to undertake in the Resolution creating the Committee. House Simple Resolution No. 16, 57th Legislature, First Called Session (1961). This is demonstrated by the following excerpt from that Resolution:

> "RESOLVED by the House of Representatives of the State of Texas, that an Interim Study Committee be appointed by the Speaker of the House to make a thorough and complete study of the escheat laws of this State and property which may be subject thereto held by banking institutions under a depositor-creditor relationship, for the purpose of recommending to the Legislature a fair and equitable procedure by which unknown owners and heirs may be advertsied for and discovered, and by which the State may detect and obtain any of such property which rightfully belongs to the State under present escheat laws". (Emphasis Supplied).

Therefore, the paramount question before us is whether the Committee is authorized to secure the information by the particular manner and means employed. It is elementary that a legislative committee can lawfully request pertinent information from any source and where such request is voluntarily complied with the information may be utilized by the Committee to the extent authorized by the Legislative body creating such committee. Hence, your first question is answered in the affirmative. Your second question is also answered in the affirmative in the sense that the committee has a right to obtain the information, provided it uses an authorized means of securing the information.

We pass to your third question relative to the power of the Committee to subpoena witnesses to appear before it and to bring the information requested in the subpoena. The question, in other words, is whether the Committee is authorized to compel the attendance of witnesses and the production of evidence before the Committee. Such authority as the Committee derives from H.S.R. No. 16 in this respect is exhibited by the following portion of the Resolution:

> "Such Committee shall consist of five (5) members with a Chairman to be appointed by the Speaker of

the House, and it shall initiate and continue studies and hearings relating to such matters with the same authority and powers as vested in standing and special committees of the House by General Law and the Legislative Reorganization Act of 1961, Chapter 303, Fifty-seventh Regular Session (codified as Article 5429f)."  (Emphasis Supplied).

We find nothing in the "General Law" of this State vesting subpoena powers in standing and special committees of the House of Representatives.  Neither do we find such powers being vested in standing and special committees by Article 5429f, V.C.S., except when authorized by Resolution or by Rule of Procedure of the House creating such committee, and we are unable to discover any such authorization as to the subject committee in either the pertinent Resolution or the Rules of Procedure of the House of Representatives.

Section 12 of Article 5429f provides as follows:

"Each Committee of the Legislature, or of either House thereof, standing or special, when authorized by Resolution or by Rule of Procedure of the House or Houses creating such committee, shall have the power and authority to issue process to witnesses at any place in the State of Texas, to compel the attendance of such witnesses, and to compel the production of all books, records, documents and instruments as the committee shall require; and if necessary to obtain compliance with subpoenas and other process issued by the committee, each committee shall have the power to issue writs of attachment.  All process issued by a committee may be addressed to and served by any Peace Officer of the State of Texas or any of its political subdivisions or may be served by a Sergeant-at-Arms appointed by such committee.  The Chairman shall issue in the name of the committee such subpoenas and other process as the Committee shall determine".  (Emphasis Supplied).

The applicable House Rule, Section 20 of Rule 8, provides as follows:

"All committees shall require all witnesses appearing before said committees to give their testimony under oath, and each committee may avail itself of such other additional powers and prerogatives as are

> authorized by the provisions of Chapter 41, Acts
> <u>1937</u>, 45th Legislature, page 67, codified as
> Article 5429a, V.A.C.S. of the State of Texas."
> (Emphasis Supplied).

Thus, the House Rules refer us to Article 5429a to determine the powers conferred on committees by the House Rules. But Article 5429a was repealed and replaced by Article 5429f in June of 1961. Accordingly, we must look to Article 5429f for the powers which are possessed by the subject committee. As we have already pointed out, Article 5429f, in Section 12 thereof, makes authorization by Resolution or by House Rule a prerequisite to the exercise of subpoena powers by a standing or special committee. So it is that we have made the full circle without encountering any authorization for the subject committee to issue process to witnesses and to compel their attendance and to compel production of evidence before the committee.

There are two other sections of Article 5429f which bear on this issue. One of them is Section 7, which provides as follows with regard to special committees:

> "Each House of the Legislature acting individually,
> or the two Houses acting jointly, shall have full
> power and authority to provide for the creation of
> special committees to perform such functions and
> <u>to exercise such powers and responsibilities as</u>
> <u>shall be determined in the Resolution</u> creating
> such committee. During the life of a special
> committee, it shall have and exercise the same
> powers and authority as are herein granted to
> <u>standing committees</u>, subject to such limitations
> as may be imposed in the Resolution creating such
> special committee, and shall have such other and
> additional powers and authority as may be delegated
> to it by the Resolution creating the committee,
> subject to the limitations of law". (Emphasis Added).

It is seen from Section 7 that special committees have only the powers granted them by <u>Resolution</u> creating the committee and the powers granted to <u>standing committees</u>. We have previously shown that subpoena power is not conferred on the subject committee by the Resolution creating the committee. What are the subpoena powers granted to standing committees under Article 5429f? Section 5 of the statute provides as follows:

> "Standing committees of each House of the Legis-
> lature shall be and they are hereby charged with

the duty and responsibility of formulating legis-
lative programs, initiating legislation, and making
inquiry into the administration and execution of
all laws pertaining to the matters within the
jurisdiction of such committee. Each standing com-
mittee shall make a continuing study of the matters
under its jurisdiction, as well as the instrumen-
talities of government administering or executing
such matters, and shall conduct such investigations
as the committee deems necessary to supply it with
adequate information and material to discharge its
responsibilities. To the extent that each standing
committee shall deem it necessary and desirable, it
shall draft legislation within the area of its
jurisdiction and shall recommend such legislation
to whichever House of the Legislature such committee
is a part. It shall be the duty of the Chairman of
each standing committee to introduce, or cause to
be introduced, the legislative programs developed
by such committee and to mobilize the efforts of
such committee to secure the enactment into law of
the proposals of such committee. No standing com-
mittee of either House of the Legislature shall be
confined in its legislative endeavors to bills,
Resolutions or proposals submitted to it by in-
dividual Members of the Legislature, but each
standing committee shall have full authority and
responsibility to seek out problems within its
area of jurisdiction and to develop, formulate,
initiate and secure passage of legislative programs
which the committee deems desirable in its approach
to such problems".

Nowhere in Section 5 is any express grant of subpoena
powers made to standing committees. It is our opinion, more-
over, that such power cannot be said to arise by necessary im-
plication from the language of Section 5. This conclusion is
supported by the fact that the Legislature elsewhere in Article
5429f delegates to General Investigating Committees in plain
and unambiguous language the power to issue process and compel
the attendance of witnesses. It is thus seen that the Legis-
lature expressly delegated such authority where it wished to
confer this power on a committee. It may reasonably be pre-
sumed that the Legislature would have done so in equally clear
and unmistakable terms in the case of standing and special
committees had the Legislature desired to delegate such power
to those committees unconditionally. The validity of this con-
struction is further confirmed by the fact that the Legislature

made provision for the compensation of witnesses attending proceedings of the General Investigating Committees under process, but omitted such provision from the portions of the statute dealing with special and standing committees. See Section 8(b)(4) of Article 5429f.

In the final analysis, then, it is the absence of any delegation of subpoena powers to the subject committee in the Resolution creating the committee that is determinative of our present inquiry and necessitates an answer to your third question in the negative.

In answer to your fourth question, any use or disclosure of information which has been relinquished to the committee under the threat of being cited for contempt for failure to comply with the commands of subpoenas issued by the committee, which threat is inherent in every subpoena lawful on its face, would be in excess of the authority of the committee.

In answer to your fifth question, as the information that was delivered to the committee's chief counsel in sealed envelopes is the property of the respective banks, and in view of our answer to your fourth question, the sealed envelopes should be delivered to the owners upon their request.

### SUMMARY

The Legislature has given the subject committee the authority to request the described information by questionnaire but has not given it authority to compel the production of such information before the committee by subpoena and the committee cannot use or disclose such information as is relinquished to the committee in response to such subpoenas.

Very truly yours,

WILL WILSON
Attorney General of Texas

BY Henry G. Braswell

Henry G. Braswell
Assistant Attorney General

hgb/maj

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Howard Mays
J. C. Davis
Bob Shannon
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.